## INTERSTATE COMMERCE COMMISSION v. WERNER et al.

### Civ. 2137.

United States District Court
E. D. Illinois.
Sept. 10, 1951.

William Hart, U. S. Atty., Ernest R. McHale, Asst. U. S. Atty., East St. Louis, Ill., James A. Murray, Leo H. Parr, Hugh E. Lillie, Chicago, Ill., for plaintiff.

Russell Wilson, Centralia, Ill., for defendants.

WHAM, Chief Judge.

Plaintiff, Interstate Commerce Commission, charges that defendant, Lawrence R. Werner, doing business as Werner Transports, has acted as a contract carrier engaged in the transportation of property in

interstate commerce by motor vehicle for compensation from March 1, 1950 to the date of the filing of the Complaint herein on February 13, 1951, without permit issued by the Interstate Commerce Commission authorizing it to so operate as required by the provisions of 49 U.S.C.A. § 309(a). Plaintiff charges defendant, Centralia Petroleum Co., with utilizing and employing the services of defendant Werner during the aforesaid period in the conduct of its interstate business of transporting and selling petroleum products, knowing that no permit had been issued to said defendant to operate as a contract carrier. Plaintiff seeks a permanent injunction restraining defendants from such conduct until such time as there is in force and effect with respect to defendant Werner, a permit issued by the Interstate Commerce Commission authorizing said defendant to operate as a contract carrier in interstate commerce. By answer, defendants have denied all allegations of the Complaint except that they admit that no permit issued by the Interstate Commerce Commission has been or is in effect with respect to defendant Werner. At pretrial hearing counsel for the parties stipulated that "defendant, Lawrence R. Werner, doing business as Werner Transports, does not hold a permit from the Interstate Commerce Commission authorizing him to engage in the business of a contract carrier by motor vehicle in interstate or foreign commerce on any public highway or within any reservation under the exclusive jurisdiction of the United States." It is defendants' contention that Centralia Petroleum Co. was acting as a private carrier of its own products, leasing the equipment of defendant Werner for such purpose.

From the evidence adduced at the trial and from stipulations of counsel for the parties and from written briefs and arguments of counsel I have arrived at Findings of Fact and Conclusions of Law as follows:

### Findings of Fact

1. Defendant, Centralia Petroleum Co., is an Illinois corporation engaged in the purchase and resale of petroleum products, with its principal place of business at Centralia, Illinois.

2. Defendant, Lawrence R. Werner, is a citizen and resident of Centralia, Illinois.

3. Defendant, Lawrence R. Werner, doing business as Werner Transports, and Centralia Petroleum Co., on April 21, 1950, entered into a lease of equipment arrangement which, with similar agreements, covered the period of this suit whereby defendant Lawrence R. Werner purported to lease eight tractor-trailer units to defendant Centralia Petroleum Co. to be used in transporting said company's products in intrastate and interstate commerce, under the terms of which compensation was to be paid Lawrence R. Werner for the use of each unit of such vehicles at the rate of fifteen cents per running mile, whether loaded or empty; the wages of drivers to be paid by Centralia Petroleum Co.; and Lawrence R. Werner to furnish all fuel, oil, grease, tires and replacement parts and keep the equipment in repair (except as required by reason of the negligence of Centralia Petroleum Co.); and to furnish insurance for the benefit of himself and Centralia Petroleum Co.

4. The provisions of the aforesaid lease agreement were not complied with but a different arrangement was substituted in practice whereby the drivers of the equipment, while selected by Centralia Petroleum Co., somtimes with the aid of Werner, were in fact paid by Lawrence R. Werner, through deduction of their wages from the amount of compensation paid Lawrence R. Werner by Centralia Petroleum Co. which compensation to Werner was based on common carrier rates and whereby Centralia Petroleum Co. did not pay Lawrence R. Werner compensation at the rate of fifteen cents per running mile but in fact paid him a transportation charge equal to or based on common carrier rates for comparable transportation and guaranteed him that he would never be paid less on any haul than any common carrier would charge for the same service.

5. That the following items were either paid in the first instance by Lawrence R. Werner or were paid by him indirectly through deduction by Centralia Petroleum Co. of said amounts from the compensation payable to him by Centralia Petroleum Co.:

Wages of drivers of the equipment; fuel oil, grease, tires, repairs to and replacement parts for the equipment; state and local licenses for the equipment; and public liability, property damage and cargo insurance.

6. That public liability, property damage and cargo insurance was procured by and paid by Lawrence R. Werner for the protection of Lawrence R. Werner and Centralia Petroleum Co.

7. That the drivers of the equipment were regularly under the direction and control of Centralia Petroleum Co. but were given their instructions by Lawrence R. Werner when the exigencies of the circumstances required. The major control over the drivers was exercised by the Centralia Petroleum Co. When its officers could not be reached, Werner gave them instructions.

8. That the leased equipment, when not in use, was garaged upon premises under the control of Lawrence R. Werner and was serviced by him in his garage. His was the responsibility for the equipment except when in actual use and then it was protected by insurance procured and paid for by him.

9. That fifteen per cent of the total products of Centralia Petroleum Co. were transported in the equipment owned by Lawrence R. Werner during the time said arrangement has been in effect; that said transportation included transportation of numerous shipments in interstate commerce, i. e., from the Marine Terminal in St. Louis, Missouri, to Liberty Petroleum Company at various points in Illinois, representative of which was a shipment of gasoline on October 1, 1950 from said Marine Terminal to Liberty Petroleum Co. in West Frankfort, Illinois, for which Lawrence R. Werner received from Centralia Petroleum Co. the sum of $37 based on prevailing motor rates for like transportation.

10. That Centralia Petroleum Co. does not operate any motor vehicle equipment of its own, nor service leased equipment, nor have garage facilities, nor maintain personnel to supervise the operation of leased vehicles, nor require the drivers to maintain driver's logs or submit physician's certificates of physical examination. It trans-ports all of its products either under purported lease of equipment agreements similar to that which is involved in this suit or by regular common carriers.

11. Defendants did not conduct their operations under the terms of the purported lease but substituted therefor a different arrangement under which substantially all Centralia Petroleum Co. was required to do was to select the drivers with the aid of Werner, provide the goods for transport, direct the drivers where to take them and pay Werner the customary carrier rates. Werner bore substantially all other obligations, including payment of the drivers and supplying necessary protective insurance for vehicles and cargo. From the whole record it appears that the transportation operation was actually Werner's or substantially so; that by the arrangement as actually carried out Werner became and was a contract carrier for the defendant Centralia Petroleum Co.

12. That neither Centralia Petroleum Co. nor Lawrence R. Werner comply with the safety regulations of the Interstate Commerce Commission.

13. That defendant, Lawrence R. Werner, doing business as Werner Transports, does not hold a permit from the Interstate Commerce Commission authorizing him to engage in the business of a contract carrier by motor vehicle in interstate or foreign commerce on any public highway or within any reservation under the exclusive jurisdiction of the United States.

14. That defendant, Lawrence R. Werner, intends to and unless restrained will continue to operate as he has heretofore operated under the arrangement substituted for the purported lease agreement with Centralia Petroleum Co. without first obtaining from the Interstate Commerce Commission a permit authorizing him to operate as a contract carrier, and defendant, Centralia Petroleum Co. intends to and will unless restrained continue to utilize the facilities of Lawrence R. Werner under the arrangement substituted for the purported lease of equipment arrangements and under which said Werner has the status of a contract carrier.

500

Conclusions of Law

1. This suit was properly brought under 49 U.S.C.A. §§ 322(b) and 304(a)(6).

■ 2. The issue of whether a contract carrier status subject to regulation exists between the parties and as to Lawrence R. Werner is to be determined by how much service which goes with ordinary contract carriage for compensation on public highways in interstate commerce was being furnished by defendant Lawrence R. Werner in addition to the leased vehicles; also whether on the whole a transportation service was being rendered by him to Centralia Petroleum Co., rather than simply furnishing for private operation the vehicles to it, in the same manner as would normally obtain if it were the owner of the equipment. Here Werner did much more than furnish the leased vehicles and on the whole a transportation service is being rendered by him to Centralia Petroleum Co.

■ 3. The lease of April 21, 1950 did not operate as a bona fide equipment lease between the parties but was departed from in practice in ways shown in the findings of fact by both parties that constituted Lawrence R. Werner a contract carrier in interstate commerce for the Centralia Petroleum Co. under 49 U.S.C.A. § 303(a)(15). Under the provisions of 49 U.S.C.A. § 309 he was under obligation to have a permit issued by the Interstate Commerce Commission to authorize him to operate as such contract carrier. He had no such permit and no such permit was in existence with respect to the motor carrier operations here involved.

4. The acts of both of said defendants, and each of them, constitute violations of the provisions of Sections 206(a) and 209 (a) of the Interstate Commerce Act, 49 U. S.C.A. §§ 306(a) and 309(a), and as such, are subject to be enjoined by this court on the application and suit of the plaintiff under the express provisions of said Act, more particularly Section 222(b) thereof, 49 U.S. C.A. § 322(b).

The principles applied by the courts in Interstate Commerce Commission v. F. & F. Truck Leasing Co., D.C., 78 F.Supp. 13;

Interstate Commerce Commission v. Isner, D.C., 92 F.Supp. 582; and United States v. La Tuff Transfer Service, D.C., 95 F.Supp. 375 are applicable here under the facts shown by the evidence and require that an injunction be granted as prayed in the complaint.

This memorandum may be filed and it is ordered that it stand as the Findings of Fact and Conclusions of Law in the case. Counsel for the plaintiff may present order pursuant hereto on notice to counsel for defendant.